NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

v.

JOSUE ARRATIA VARELA, *Appellant.*

No. 1 CA-CR 18-0492
FILED 5-28-2020

Appeal from the Superior Court in Maricopa County
No. CR2016-134168-001
The Honorable David V. Seyer, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Michael O'Toole
*Counsel for Appellee*

The Susser Law Firm, PLLC, Chandler
By Adam M. Susser
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge David D. Weinzweig delivered the decision of the Court, in which Presiding Judge Randall M. Howe and Judge David B. Gass joined.

---

**W E I N Z W E I G**, Judge:

¶1          Josue Arratia Varela ("Varela") appeals his convictions and sentences for two counts of aggravated driving under the influence.  After searching the record and finding no arguable, non-frivolous question of law, Varela's counsel filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), asking this court to search the record for fundamental error.  Varela had the opportunity to file a supplemental brief but did not.  We affirm Varela's convictions and sentences after reviewing the record.

**FACTS AND PROCEDURAL BACKGROUND**

¶2          Varela was traveling 81 miles per hour in a 65 mile per hour zone.  When police pulled him over, Varela had bloodshot eyes, droopy eyelids, slowed speech and delayed reactions.  His driver's license had been suspended.  He showed signs of impairment on three field sobriety tests and was arrested for driving under the influence.  He consented to have his blood drawn.  A forensic toxicologist later determined that Varela had Alprazolam in his blood, a "dangerous drug" under A.R.S. § 13-3401(6)(d)(ii).

¶3          Varela was charged with two counts of aggravated driving under the influence under A.R.S § 12-1383(A)(1) because his license was suspended, he was impaired to the slightest degree and had Alprazolam in his system.  He waived his right to a preliminary hearing and pleaded not guilty.  A jury trial was held.  Varela stipulated that his driver's license had been suspended.  The arresting officer and forensic toxicologist testified.  Varela did not testify or present any evidence.

¶4          The jury convicted Varela on both counts of aggravated driving under the influence.  At the sentencing hearing, Varela admitted to a prior non-dangerous felony conviction, enhancing his sentencing range pursuant to A.R.S. § 13-703(I).  He also admitted to being on felony release when arrested for the offense, enhancing his sentencing range two years

under A.R.S. § 13-708(D). Even so, the superior court sentenced Varela to concurrent, super-mitigated terms of 4.25 years' imprisonment on each count. He was credited for 77 days served. The court also imposed various fines and fees. Varela timely appealed. We have jurisdiction under Article 6, Section 9, of the Arizona Constitution, and A.R.S. §§ 12-120.21(A)(1), 13-4031 and -4033(A)(1).

## DISCUSSION

**¶5** We have read and considered counsel's brief and have reviewed the record for reversible error. *See Leon*, 104 Ariz. at 300. We find none.

**¶6** Varela was present and represented by counsel at all stages of the proceedings against him. The record reflects that the superior court afforded Varela all his constitutional and statutory rights, and that the proceedings were conducted in accordance with the Arizona Rules of Criminal Procedure. The court conducted appropriate pretrial hearings, and the evidence presented at trial and summarized above was enough to support the jury's verdicts. Varela's sentences fall within the range prescribed by law, with sufficient credit given for presentence incarceration.

## CONCLUSION

**¶7** Varela's convictions and sentences are affirmed. Counsel's obligations in this appeal will end once Varela is informed of the outcome and his future options, unless counsel finds an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584-85 (1984). On the court's own motion, Varela has 30 days from the date of this decision to proceed with a pro se motion for reconsideration or petition for review.



AMY M. WOOD • Clerk of the Court
FILED:    AA

3